**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

ANGELA A. MANSFIELD,⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Plaintiff,⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀⠀⠀⠀CV419-168
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
U.S.,⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)
⠀⠀⠀⠀Defendant.⠀⠀⠀⠀)

**REPORT AND RECOMMENDATION**

Plaintiff filed this case on July 12, 2019. Doc. 1. After a few fits and starts with regards to her IFP application, *see* doc. 15, doc. 16, doc. 17, the Court screened plaintiff's complaint under 28 U.S.C. § 1915(e)(2). Doc. 24. The Court determined that plaintiff had failed to state a claim, but that she could file an amended complaint curing various identified defects including a lack of an affidavit from a doctor. *Id.* Plaintiff requested a first extension of time on March 25, 2020, doc. 25, which was granted, doc. 26. Plaintiff then requested a second extension of time on June 9, 2020, doc. 28, which was granted with the caveat that there would be no further extensions without a showing of good cause, doc. 29. Plaintiff has now filed a motion requesting the court "to dismiss the complaint extension against Defendant, U.S.A." Doc. 31. She alleges that she was working with a cardiologist to

acquire at least the affidavit, but for certain undisclosed reasons, has been unable to complete that process. *Id.* at 1-2. Plaintiff appears to be requesting that the Court excuse her compliance with the prior order directing her to file an amended complaint and include an affidavit from a medical professional. This the Court cannot do.

At a minimum, the Court concluded that plaintiff's complaint was deficient and that as a party proceeding IFP, her case could not proceed without amendment. 28 U.S.C. § 1915(e)(2). Nothing in plaintiff's recent filing does anything to alter this analysis. While the Court sympathizes with her difficulty in finding a medical professional willing to provide the required affidavit, that does not excuse plaintiff's obligations to comply with this Court's orders.

This Court has the authority to prune cases from its dockets where parties have failed to comply with its Orders. *See L.R. 41(b)*; *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (courts have the inherent authority to dismiss claims for lack of prosecution); *Mingo v. Sugar Cane Growers Co-op*, 864 F.2d 101, 102 (11th Cir. 1989); *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983); *Floyd v. United States*, CV491-277 (S.D. Ga. June 10, 1992). Accordingly, this case should be dismissed for plaintiff's failure to amend her complaint.

2

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 17th day of November, 2020.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA